Edgar Carranza, Esq.
Nevada Bar No. 5902
Tiffanie C. Bittle, Esq.
Nevada Bar No. 15179
**MESSNER REEVES, LLP**
8945 West Russell Road, Suite 300
Las Vegas, NV 89148
Telephone: (702) 363-5100
Facsimile: (702) 363-5101
ecarranza@messner.com
tbittle@messner.com

*Attorneys for Defendant*
*Geico Advantage Insurance Company*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| LISA DIANE REVERS, individually;<br><br>Plaintiff,<br>vs.<br><br>GEICO ADVANTAGE INSURANCE COMPANY, doing business as GEICO INSURANCE; DOES I-V, and ROE CORPORATIONS VI-X, inclusive,<br><br>Defendants. | Case No.:    2:25-cv-00656-RFB-BNW |

## STIPULATION AND ORDER TO EXTEND DISCOVERY PLAN AND SCHEDULING ORDER
### (2nd Request)

Plaintiff, LISA DIANE REVERS (hereinafter referred to as "Ms. Revers" or "Plaintiff"), by and through her attorney of record Joshua L. Benson, Esq. of Benson Allred Injury Law, and Defendant, GIECO ADVANTAGE INSURANCE COMPANY (hereinafter referred to as "Geico" or "Defendant"), by and through its counsel, Edgar Carranza, Esq. and Tiffanie C. Bittle, Esq. of MESSNER REEVES, LLP, hereby stipulate and request that the Court approve their request to extend discovery deadlines 90 days pursuant to Local Rule IR 6-1, Local Rule 26-3, and FRCP 26 as follows:

### I.   GOOD CAUSE SUPPORTING THE EXTENSION

The parties come to this Court seeking a second extension of the Discovery Plan and Scheduling Order governing this case.  The parties have completed some discovery and continue to diligently move this case forward.  In so doing, they have begun to have meaningful settlement discussions which they are hopeful could lead to a resolution.  It is these same diligent efforts which now require additional time to complete the necessary discovery which warrants the requested extension.

**A.    SUMMARY OF EFFORTS THUS FAR.**

As this Court is aware, this lawsuit involves allegations Geico engaged in unfair claims handling practices when adjusting Plaintiff's claim for uninsured/underinsured motorist insurance coverage.

Plaintiff filed her Complaint in the Eighth Judicial District Court for Clark County, Nevada on or about February 21, 2025.  Geico was served a copy of the Summons and Complaint on or about March 12, 2025.  On April 11, 2025, Geico filed its Petition for Removal to this Court,[1] to which Plaintiff has filed a motion to remand on May 14, 2025.[2]

On July 10, 2025, this Court entered the Discovery Plan and Scheduling Order,[3] which was subsequently extended by the stipulation of the parties on October 27, 2025.[4]

Since the opening of discovery, the parties have each served their initial disclosures pursuant to FRCP 26, and each served a first set of written discovery requests.  Plaintiff responded to the written discovery requests to which Geico requested supplemental responses be provided which have been. Geico is still working on finalizing its responses but anticipates doing so within the next few days.

**B.    GOOD CAUSE.**

Since the filing of the action on February 21, 2025, the parties were initially involved in the removal of the case to this Court and the subsequent briefing schedule related to Plaintiff's motion to

---

[1] ECF No. 1.
[2] ECF No. 6.
[3] ECF No. 11.
[4] ECF No. 13.

remand.  The briefing schedule on the motion was completed in approximately June 2025.  These efforts initially caused some delay to the parties participation in discovery.

Since the entry of Scheduling Order, the parties have produced records and materials which has been reviewed.  They have also each served initial sets of written discovery to further develop the available information.  As a result, the parties have begun to discuss potential resolutions to this case and hope that these efforts will bear fruit.  The time granted by this Court, and discovery efforts which follow, will further facilitate the informal discussions and/or provide the foundation for a formal mediation.

The parties are actively crafting a stipulation for confidentiality and protective order to help address potential confidential, trade secret and proprietary material which has and could be requested as part of the discovery phase of this case.  The parties anticipate that these efforts should be finalized within the next week or two after which it will be submitted to this Court for its review and endorsement.

The parties are only 12 months into the life of this case and 10 months since it was removed to this Court.  In that time, they have meaningfully committed themselves to move discovery forward as expediently as possible.  Good cause exists to extend the current Discovery Plan and Scheduling Order to allow the parties to continue to move this case forward.  No unwarranted delay has been experienced and the parties are not guilty of any dilatory conduct.

## II.    DISCOVERY COMPLETED TO DATE

In accordance with LR II 26-4(a), the Parties provide the following statement of discovery completed to date:

**A.    Plaintiff's Discovery**.

1.    The Parties held their Rule 26(f) conference on June 10, 2025, to discuss claims, defenses, initial disclosures, and the discovery plan.

2.    Plaintiff served initial disclosures pursuant to FRCP 26.1 on July 11, 2025.

3.    Plaintiff served responses to Geico's first set of interrogatories on August 4, 2025

4.    Plaintiff served responses to Geico's first set of requests for production on August 4, 2025.

5. Plaintiff served a first set of interrogatories to Geico on December 12, 2025.

6. Plaintiff served a first set of requests for production to Geico on December 12, 2025.

**B.** **Defendant's Discovery**.

1. The Parties held their Rule 26(f) conference on June 10, 2025, to discuss claims, defenses, initial disclosures, and the discovery plan.

2. Geico served initial disclosures pursuant to FRCP 26.1 on June 30, 2025.

3. Geico served a first set of interrogatories to Plaintiff on July 1, 2025

4. Geico served a first set of requests for production to Plaintiff on July 1, 2025

5. August 10, 2025, Geico served a letter to Plaintiff requesting supplemental responses, and the parties have continued to confer regarding any necessary supplementation.

6. Geico is drafting responses to Plaintiff's first set of interrogatories and anticipates serving those in the next few days.

7. Geico is drafting responses to Plaintiff's first set of requests for production and anticipates serving those in the next few days.

### III.   DISCOVERY REMAINING TO BE COMPLETED

In accordance with LR II 26-4(b), the Parties provide the following statement of discovery remaining to be completed:

**A.** **Plaintiff's remaining discovery**.

1. The parties must finalize the stipulation for confidentiality and protective order and submit the same to the Court.

2. Plaintiff must still review and analyze Geico's responses to Plaintiff's first set of interrogatories.

3. Plaintiff must still review and analyze Geico's responses to Plaintiff's first set of requests for production.

4. Deposition of Geico's Rule 30(b)(6) Representative must be completed.

5.      Deposition of percipient witnesses as deemed necessary must be completed.

6.      Plaintiff must designate initial experts and produce the required report and materials.

7.      Plaintiff must designate rebuttal experts and produce the required report and materials.

8.      Deposition(s) of Geico's expert must be taken.

**B.    Defendant's remaining discovery**:

1.      The parties must finalize the stipulation for confidentiality and protective order and submit the same to the Court.

2.      Geico must serve responses to Plaintiff's first set of interrogatories.

3.      Geico must serve responses to Plaintiff's first set of requests for production.

4.      Deposition of Plaintiff must be completed.

5.      Deposition of percipient witnesses as deemed necessary must be completed.

6.      Geico must designate initial experts and produce the required report and materials.

7.      Geico must designate rebuttal experts and produce the required report and materials.

8.      Deposition(s) of Plaintiff's expert must be taken.

## IV.   WHY REMAINING DISCOVERY HAS NOT BEEN COMPLETED

As referenced above, initially the parties were involved in the removal of the case to this Court and the subsequent briefing schedule related to Plaintiff's motion to remand.  The briefing schedule on the motion was completed in approximately June 2025.  These efforts initially caused some delay to the parties participation in discovery.

Once the parties embarked on discovery, they have exchanged the required FRCP 26 initial disclosures and exchanged first sets of written discovery requests.  Responses have been served for some and remain for others.  They have been able to move this matter forward with the appropriate diligence.

Through the fruits of the early discovery efforts, the parties have begun to discuss potential resolutions.  The time granted by this Court, and discovery efforts which follow, will further facilitate the informal discussions and/or provide the foundation for a formal mediation.

The parties are also currently negotiating and drafting an agreed to the Stipulated Confidentiality Agreement and Protective Order, which is expected to be submitted to the Court for review and endorsement in the next couple of weeks.  By agreeing to the same, the parties hope to facilitate the exchange of confidential, trade secret and/or proprietary material during discovery which could avoid delays as this case moves forward.

Despite the diligent efforts, significant discovery remains to be completed.  These include the filing of the stipulation for confidentiality and protective order, written discovery responses to Plaintiff's requests, experts for both parties need to be consulted, retained and reports and other materials be exchanged.  Each party must also considered the need for potential rebuttal experts and those must be consulted, retained and the required reports and materials exchanged.  Finally, the depositions of each expert must be completed.

### V.    PROPOSED SCHEDULE FOR COMPLETING DISCOVERY

This request for an extension of time is not sought for any improper purpose or other purpose of delay.  The parties respectfully submit that this constitutes good cause for the extension.  The following is a list of the current discovery deadlines and the parties' proposed extended deadlines.

| SCHEDULED EVENT | CURRENT DEADLINE | PROPOSED DEADLINE |
| --- | --- | --- |
| Discovery Cut Off | April 20, 2026 | **July 19, 2026** |
| Amend Pleadings/Add Parties | Closed | **Closed** |
| Initial Expert Disclosures | February 19, 2026 | **May 20, 2026** |
| Rebuttal Expert Disclosures | March 23, 2026 | **June 21, 2026** |
| Dispositive Motions | May 20, 2026 | **August 18, 2026** |
| Joint Pre-Trial Order | June 19, 2026 | **September 17, 2026** |

This is the second request for extension of time in this matter and no trial date will be impacted by the extension as no such trial date has been set.  The parties submit that the reasons set forth above

constitute good cause for the requested extension.

DATED this 17th day of February, 2026.

**Benson Allred Injury Law**

By: */s/ Josh Benson*
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
Joshua L. Benson, Esq.
Nevada Bar No. 10514
333 N. Rancho Dr., Ste 420
Las Vegas, Nevada 89106
*Attorneys for Plaintiff*
LISA DIANE REVERS

DATED this 17th day of February, 2026

**MESSNER REEVES, LLP**

By: */s/ Edgar Carranza*
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
Edgar Carranza, Esq.
Nevada Bar No. 5902
Tiffanie C. Bittle, Esq.
Nevada Bar No. 15179
8945 W. Russel Rd., Ste 300
Las Vegas, Nevada 89148
*Attorneys for Defendant*
GIECO ADVANTAGE INSURANCE
COMPANY

**IT IS SO ORDERED**…

DATED this _18th_ day of February, 2026.

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
UNITED STATES MAGISTRATE JUDGE

**Patti Sherretts**

| | |
|---|---|
| **From:** | Joshua Benson <josh@bensonallred.com> |
| **Sent:** | Tuesday, February 17, 2026 3:19 PM |
| **To:** | Edgar Carranza |
| **Cc:** | Teresa Regalado; Patti Sherretts; Tiffanie C. Bittle |
| **Subject:** | RE: GEICO adv. Revers..... |

**[ CAUTION: This Email is from an External Sender ]**

You may use my e-signature.

**From:** Edgar Carranza <ECarranza@messner.com>
**Sent:** Monday, February 16, 2026 2:00 PM
**To:** Joshua Benson <josh@bensonallred.com>
**Cc:** Teresa Regalado <teresa@bensonallred.com>; Patti Sherretts <PSherretts@messner.com>; Tiffanie C. Bittle <TBittle@messner.com>
**Subject:** GEICO adv. Revers.....

Josh:

Pursuant to our discussion, I've attached a draft of the **Stipulation & Order to Extend Discovery Plan & Scheduling Order** for your review and consideration.  This includes the additional time we discussed and the buffer to allow the parties to continue with the settlement discussions.  Please advise if you have any proposed changes.  If not, please confirm that we have your authority to include your e-signature and submit to the Court.

Second, we will be forwarding the revised **stipulation for confidentiality & protective order** which will include the revised language we discussed.  We should have that to you by tomorrow morning.  In the interim, it is my understanding that you are agreeable to GEICO having additional time to serve its responses to Ms. Revers' written discovery requests to allow for the finalization and entry of the protective order.

Finally, in furtherance of our discussions re: potential settlement we hope to have a **settlement offer** to present to Ms. Revers shortly.  Once we have authority, we will email you and make ourselves available to discuss.

Please let me know if you have any questions.  Otherwise, we thank you for your continued professional cooperation.

**EDGAR CARRANZA**
Partner
**O:** 702.363.5100 **E:** ecarranza@messner.com

1